(29 Misc. Rep. 521.)

FOLEY et al. v. SCHARMANN et al.

(Supreme Court, Special Term, New York County. November, 1899.)

1. COUNTERCLAIM—ACTION FOR COSTS.

Since an action against sureties on an appeal bond given to plaintiffs' testator is an action on contract, and an action by the sureties against plaintiffs, showing that their testator had become surety on an administratrix's bond, and that she had failed to pay costs to the sureties' assignor, and fees to the referee, for which the assignor was responsible, and that previous to the action the assignor had assigned such claim to them, is an action on contract, the sureties were entitled to set off such liability against plaintiffs' claim, under Code Civ. Proc. § 501, providing that in an action on contract the defendant may counterclaim any other action on contract existing at the commencement of the action.

2. SAME—PLEADING.

Since costs awarded to a party by a surrogate's decree will be considered his property until his attorney attempts to enforce his lien thereon, a counterclaim against plaintiffs' testator, alleging that he was liable on an administratrix's bond for unpaid costs decreed to plaintiffs' assignor, and assigned to defendants before the commencement of suit, stated facts sufficient to constitute a cause of action, where there was nothing to show that the assignor's attorney had ever asserted or attempted to enforce his lien.

Action by Charles J. Foley and others against Max F. Scharmann and others for costs, in which defendants interposed a counterclaim, to which plaintiffs demurred. Overruled.

G. G. Battle, for plaintiffs.
G. R. Schieffelin, for defendants.

GILDERSLEEVE, J. This is a demurrer to a counterclaim. The complaint alleges that one Julius Scharmann, who is not a party to this action, sued the plaintiffs herein as executors of one A. M. Foley, deceased; that the complaint in said action was dismissed, and judgment for costs entered in favor of these plaintiffs; that an appeal was taken, and the judgment of dismissal affirmed, and another judgment for costs entered in favor of these plaintiffs; that defendants herein were sureties on the undertaking on appeal, and jointly and severally bound themselves to pay the said judgment so appealed from, together with the costs of the appeal. And the complaint demands judgment against these defendants accordingly. The answer, among other things, sets up a counterclaim, alleging that the plaintiffs' testator in his lifetime became surety on the bond of one Sophia Froeschle, as administratrix; that said administratrix was ordered by the surrogate to pay certain costs to said Julius Scharmann, and also to pay the fees of a referee; that the administratrix has not paid such costs and fees; that the referee demands his fees from Julius Scharmann, who is liable therefor, and that previous to the commencement of this action said Julius Scharmann assigned his claim to these defendants; that said testator upon such bond bound his executors, the plaintiffs herein, and rendered them responsible for the administratrix in her failure to perform her duties as such, and obey the said order of the surrogate. And defendants herein counterclaim, as assignees of the said claim of Julius Scharmann, accordingly. The plaintiffs demur to the counterclaim on the grounds (1) that it is not of the character specified in section 501 of the Code, and (2) that it does not state facts sufficient to constitute a cause of action. The section in question provides that, in an action on contract, the defendant may counterclaim any other cause of action on contract existing at the commencement of the action. The complaint in the case at bar clearly sets forth a cause of action on contract, to which the defendants counterclaim a cause of action on contract existing at the time of the commencement of the action. It therefore seems that the counterclaim is within the provisions of the section referred to. I am also of opinion that the counterclaim sets forth facts sufficient to constitute a cause of action. The fact that the assigned claim is for costs is not fatal, for there is nothing to show that the attorney for Julius Scharmann has ever asserted his lien, or attempted to enforce it. A judgment for costs is the property of the judgment creditor, and must be so treated by the courts until an attorney attempts to enforce his lien thereon. See Wehle v. Conner, 83 N. Y. 232. The same principle applies to a claim for costs in a case like this, where the decree of the surrogate ordered payment of the costs to Julius

Scharmann, not to his attorney. The demurrer must be overruled, with leave to reply within 20 days on payment of costs.

Demurrer overruled, with leave to reply.